Submitted January 8, reversed and remanded March 2, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SACARIA BATISTIA,
*Defendant-Appellant.*

Multnomah County Circuit Court
140444292; A157395

368 P3d 465

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

DUNCAN, P. J.

### DUNCAN, P. J.

In this criminal case, defendant appeals the trial court's judgment convicting him of one count of felon in possession of a restricted weapon, ORS 166.270(2). Defendant assigns error to the trial court's denial of his motion to suppress evidence that a police officer discovered in defendant's car, and the state concedes that, in light of intervening case law, the trial court erred by denying the motion. We agree, and, therefore, we reverse and remand.

In the early morning hours, a police officer checking for stolen vehicles in a parking lot discovered defendant, who was sleeping in his car. The officer spoke with defendant and asked for his identification. The officer ran a records check on defendant and learned that a felony parole violation warrant had been issued for his arrest. The officer took defendant into custody on the warrant, placed him in his patrol car, and then returned to defendant's car to "look[] around." In the back seat of the car, in plain view, the officer discovered a "leather sap," which is a restricted weapon that felons cannot legally possess. *See* ORS 166.270(2). The officer arrested defendant, and the state subsequently charged him with one count of felon in possession of a restricted weapon, ORS 166.270(2).

Relying on Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution, defendant moved to suppress the evidence that the officer discovered, including the sap. Defendant argued that the evidence had to be suppressed because (1) the officer illegally seized him when he asked for his identification and ran a records check and (2), as a result of the illegal seizure and the information that he gained as a result of it, *i.e.*, knowledge that defendant was a felon, the officer recognized the sap as contraband and seized it. The state conceded that the officer seized defendant, but argued that the seizure was supported by reasonable suspicion.[1] The trial court concluded that the officer illegally seized defendant, but that, under *State v. Dempster*, 248 Or 404, 434 P2d

---

[1] In its brief, the state acknowledges that it is bound by its concession below, but posits that, "in light of the Supreme Court's decision in *State v. Backstrand*, 354 Or 392, 412-13, 313 P3d 1084 (2013), the concession may have been incorrect."

746 (1967), the officer's intervening discovery of the arrest warrant attenuated the causal connection between the illegal seizure and the discovery of the challenged evidence, so as to permit the state to use the evidence against defendant at trial. Consequently, the trial court denied defendant's motion. After a bench trial, the trial court convicted defendant, and this appeal followed.

On appeal, the state concedes that, under *State v. Bailey*, 356 Or 486, 338 P3d 702 (2014), and *State v. Benning*, 273 Or App 183, 359 P3d 357 (2015), the trial court erred. In *Bailey*, the Supreme Court disavowed the *per se* rule from *Dempster* that the discovery and execution of a valid arrest warrant necessarily breaks the connection between a police illegality and discovery of evidence for Fourth Amendment purposes. 356 Or at 488-89, 504. Instead, the court analyzed attenuation by examining the temporal proximity between the unlawful police conduct and the discovery of the challenged evidence, the presence of intervening circumstances, and the purpose and flagrancy of the unlawful police conduct. *Id.* at 505-08. Similarly, in *Benning*, we rejected *Dempster's per se* rule for purposes of Article I, section 9, and instead held that a totality-of-the-circumstances attenuation analysis was required. 273 Or App at 196-99. Therefore, pursuant to *Bailey* and *Benning*, we accept the state's concession and conclude that the trial court erred.

Finally, the state also concedes that, even if the trial court had not erroneously relied on *Dempster*, "it is unlikely that the state would be able to develop a factual record demonstrating sufficient attenuation." Specifically, "had the officer not unlawfully seized defendant by retaining his identification and running a records check, he would have never known that the leather sap was contraband and subject to seizure." We agree with the state; accordingly, we reverse and remand.

Reversed and remanded.